*McDullen v. City of Galveston*
454 [Dec?] 2d 393 (24/1970) [illegible]
393 2d 354 [illegible]
overruled by
Southpark Baptist Church
v.
Houston, 24 a?
CCA Houston
off. for W. of E., refused
11-25-65
393 S.W. 2d 354
[illegible] rof.

**THE ATTORNEY GENERAL**

**OF TEXAS**

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

May 14, 1956

Hon. Burke Holman
County Attorney
Courthouse
Houston 2, Texas

Opinion No. S-197

Re: Exemption from State and county
ad valorem taxes of residence of
Assistant Rector.

Dear Mr. Holman:

You have requested that we advise you as to whether "a church can have the separate residence of an assistant minister exempt from State and county taxation at the same time the separate residence of the minister of the church is so exempt where the aggregate size of both residences is less than one acre".

Section 2 of Article VIII of the Texas Constitution authorizes the Legislature to exempt certain classes and types of property from taxation. The pertinent provisions of this section read as follows:

" . . . the Legislature may, by general laws, exempt from taxation . . . any property owned by a church or by a strictly religious society for the exclusive use as a dwelling place for the ministry of such church or religious society, and which yields no revenue whatever to such church or religious society; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land;
. . ."

The following provisions of Article 7150, Vernon's Civil Statutes, were enacted in pursuance to the above quoted authorization:

"The following property shall be exempt from taxation, to wit:

" . . . any property owned by a church or by a strictly religious society, for the exclusive use as a dwelling place for the ministers of such church or religious society, the books and furniture therein and the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same, and which yields no

revenue whatever to such church or religious society;
provided that such exemption as to the dwelling place for
the ministers shall not extend to more property than is
reasonably necessary for a dwelling place and in no event
more than one acre of land . . ."

An additional provision for exemption is contained in Article
7150b, V. C. S., which reads as follows:

"There is hereby exempted from taxation any
property owned exclusively and in fee by a church for
the exclusive use as a dwelling place for the ministry
of such church and which property yields no revenue
whatever to such church; provided that such exemption
shall not extend to more property than is reasonably
necessary for a dwelling place and in no event to more
than one acre of land."

The constitutional provision authorizes the exemption of any
property owned by a church for the exclusive use as a dwelling place for
the ministry of the church. In our opinion, the Legislature was authorized
to exempt the property in question because it satisfies the constitutional
requirements of ownership, use and occupancy in that the Assistant Rector
is serving in the ministry of the church, said ministry including collectively
all of the clergy of the church.

The portion of Article 7150 before quoted expressly states the
legislative intent to exempt property used as a dwelling place for the min-
isters of a church, thus recognizing that a particular church might have
more than one minister. Article 7150b likewise exempts, in the same lang-
uage used in the constitutional provision, any property used exclusively as
a dwelling place for the ministry of a church.

You are, therefore, advised that in our opinion the property
described in your request is exempt from State and county taxation by the
plain and unambiguous provisions of the statutes previously discussed.


### SUMMARY


The separate residence of an Assistant Rector is
exempt from State and county ad valorem taxes even

though the residence of the Rector is also exempt, as long as they together occupy not more than one acre of land. Art. VIII, Sec. 2, Tex. Const.; Arts. 7150, 7150b, V. C. S.

Yours very truly,

APPROVED:

W. V. Geppert
Taxation Division

J. Arthur Sandlin
Reviewer

J. C. Davis, Jr.
Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

JOHN BEN SHEPPERD
Attorney General of Texas

By *Marietta McGregor Payne*
Marietta McGregor Payne
Assistant Attorney General